## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Janette English and Jermaine English, | Court File No.: 04-5038 JNE/AJB |
| Plaintiffs, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Minneapolis Police Officer Billy Peterson # 5561, individually, personally and officially as a Minneapolis Police Officer | |
| Defendant. | |

_____

Albert T. Goins, Goins & Wood, for Plaintiffs
C. Lynne Fundingsland, Assistant Minneapolis City Attorney, for Defendant

_____

This matter came before the Court on January 24, 2006, on Defendant's Motion for Sanctions and Costs. The matter was referred to the Court for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that Plaintiffs' cause of action be dismissed without prejudice and that Defendant's request for costs be granted.

## I. FACTUAL BACKGROUND

On December 18, 2004, Plaintiffs Janette and Jermaine English served the above-entitled matter on Defendant Billy Peterson. (Fundingsland Aff. ¶ 3.) On April 15, 2005, Peterson served written paper discovery on Plaintiff Jermaine English in the form of Interrogatories, Requests for Production of Documents, and Requests for Releases. Id. ¶ 4. As of January 24, 2006, Peterson has received no response to these requests. Id.

Plaintiff Janette English was also the plaintiff in an earlier case, Tolliver and English v. City of Minneapolis, et al., Civ. No. 03-CV-5550 (D. Minn. 2005), which arose from the same

1

set of operative facts appearing in the present case. (Fundingsland Aff. ¶¶ 5, 6.) In <u>Tolliver</u>, Janette English provided defendants with written responses to their discovery request, but she failed to appear for her noticed deposition. <u>Id.</u> ¶¶ 8, 9. On January 18, 2005, defendants brought a motion to compel Janette English's deposition, and Chief Magistrate Judge Lebedoff granted it that same day. <u>Id.</u> ¶¶ 10, 11. Janette English subsequently failed to appear for her deposition on February 7, 2005. <u>Id.</u> ¶ 12. On July 20, 2005, defendants sought and obtained an order dismissing the matter for failure to prosecute. <u>Id.</u> ¶¶ 13, 14.

In the present case, Defendant Peterson noticed the depositions of Plaintiffs Janette and Jermaine English for October 25, 2005. <u>Id.</u> ¶ 15. Neither Janette nor Jermaine English could be located, resulting in the cancellation of the depositions. <u>Id.</u> ¶ 16. On December 7, 2005, Peterson brought a Motion to Compel the depositions of Janette and Jermaine English and to compel Jermaine English's responses to Peterson's discovery requests. <u>Id.</u> ¶¶ 17, 18. The Court granted the motion and ordered both Janette and Jermaine English to appear for their deposition at 11:00AM on December 29, 2005. <u>English v. Peterson</u>, No. 04-5038 (D. Minn. Dec. 7, 2005). The order warned that failure to comply could result in costs and sanctions, including dismissal. <u>Id.</u> Also on December 7, 2005, Peterson served Janette and Jermaine English's attorney, Albert T. Goins, with Notices of Depositions. (Fundingsland Aff. ¶ 20.) However, both Janette and Jermaine English failed to appear for their depositions as scheduled. <u>Id.</u> ¶ 21.

Counsel for both parties created a transcript of the proceedings to document this failure. <u>Id.</u> (Ex. A). The transcript contains, *inter alia*, the statements of Janette and Jermaine English's counsel Albert Goins to the effect that several attempts were made to contact them by conventional mail, certified mail, and hand delivery. <u>Id.</u> The only return correspondence by either of them was a receipt sent to Mr. Goins from the United States Postal Service containing

what may be Janette English's signature. Id.

On January 24, 2006, Peterson filed this Motion for Sanctions and Costs. (Def's Memo. Supp. Sanctions & Costs.) Pursuant to Fed. R. Civ. P. 37, Peterson requests the Court to dismiss this matter with prejudice and to award costs in the amount of three hundred seventy-five dollars. (Def.'s Memo. Supp. Sanctions & Costs at 3; Fundingsland Aff. ¶ 23)

## II. LEGAL ANALYSIS

1. Dismissal

Where a party fails to comply with a court order compelling discovery, the court in which the action is pending may dismiss the action. Fed. R. Civ. P. 37(b)(2)(C). However, the dismissal must be just. Id. at 37(b)(2). Unless the party's failure to comply was deliberate or in bad faith, "the court must investigate whether a sanction less extreme than dismissal would suffice." Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992).

The facts of this case mitigate against finding willful disobedience or bad faith on the part of Janette or Jermaine English. Neither of them appeared at their court-ordered deposition, and the evidence shows that at least Janette English had notice of the deposition. Nevertheless, these facts alone do not demonstrate willfulness or bad faith because they do not speak to the reasons or motives behind Janette and Jermaine English's failure to comply. At best, the record shows only that they had notice of their court-ordered deposition and that they failed to appear. Absent some explanation for this failure, the Court cannot make the requisite finding of willfulness or bad faith and must consider imposing sanctions other than dismissal.

In this case, dismissal constitutes an appropriate sanction. Whatever their motivations, Janette and Jermaine English have failed to respond to Peterson's discovery requests and have violated an order of this Court. Indeed, Janette and Jermaine English have failed to respond even

to their own counsel's attempts to contact them. Allowing this action to continue will further burden both Peterson and this Court, and nothing in the record suggests that a lesser sanction will prompt Janette and Jermaine English to cooperate or even participate in future proceedings. Janette and Jermaine English instigated this proceeding and are "bound to obey the orders of [the] Court, absent a good reason, properly presented." In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003). To date, they have failed to show cause why their action should not be dismissed.

Townes v. May Department Stores, 96 Fed. Appx. 425 (8th Cir. 2004), supports this determination. Plaintiff Townes disregarded the district court's order to respond to defendant's written discovery requests and to appear for her scheduled deposition. Id. at 426. Townes complained that the notice was mailed to her counsel instead of directly to her. Id. However, she did not assert a lack of knowledge of the court's order, and she had previously received warning that failure to comply could result in dismissal of her action. Id. The Eighth Circuit affirmed the dismissal without prejudice as within the district court's discretion. Id.

The present case mirrors Townes. Plaintiffs Janette and Jermaine English failed to appear at their court-ordered deposition, and neither of them has asserted lack of knowledge as an excuse. Notice of the deposition was served on their counsel, and they received warning via this Court's order that failure to comply could result in dismissal of their action. Therefore, dismissal constitutes an appropriate sanction under Townes.

Defendant Peterson asks this Court to order a dismissal with prejudice. "A finding of 'prejudice' under *Rule 37(b)* is proper if the failure to make discovery impairs an opponent's ability to determine the factual merits of a party's claim." Avionic, 957 F.2d at 559. However, the prejudice must result from "Plaintiffs' willful and bad faith conduct." Hairston, et al. v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002). In this case, the facts do not

4

support a finding of such conduct, and consequently, they do not warrant a dismissal with prejudice. Furthermore, the courts have generally imposed dismissals with prejudice against parties who *repeatedly* fail to respond to court orders, despite numerous opportunities to do so. Id. (summarizing cases). Conversely, dismissals without prejudice have been imposed where the offending party fails to respond to a single court order and there is no finding of willfulness or bad faith. See, e.g., Townes, 96 Fed. Appx. 425; Hairston, et al., 307 F.3d 717.

Janette and Jermaine English's conduct does not rise to the level required to dismiss their action with prejudice. Nevertheless, it does fall within the line of authority permitting dismissal without prejudice, and a lesser sanction would not reach a more just result. Therefore, the Court should dismiss Janette and Jermaine English's action without prejudice.

2. Costs

If a court grants a motion for sanctions under Rule 37(b)(2), then the court must also award "reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). Defendant Peterson has presented evidence of expenses in the amount of three hundred seventy-five dollars incurred in bringing this motion for sanctions. This number reflects what appears to be a reasonable expenditure of three hours in preparation of this Motion for Sanctions. The record contains no indication that Janette and Jermaine English's conduct was substantially justified or that other circumstances would make an award of expenses unjust. Indeed, Janette and Jermaine English have conceded through their counsel that an award of expenses is an appropriate sanction in this case. (Pltf.'s Memo. Opp. Mtn. Dismiss with Prejudice at 2).

In considering a motion to dismiss with prejudice, "[a] district court should weigh the court's need to advance its heavy docket against the consequence of irreversibly extinguishing the litigant's claim and consider whether any less-severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party." Mann v. Lewis, 108 F.3d 145, 147 (8th Cir. 1997). By simply assessing sufficient costs against Janette and Jermaine English concomitantly with a non-adjudicative dismissal, the Court can further its interest in removing stale litigation from its congested docket, can remedy Peterson's expenditures caused by yet unanswered discovery, and can preserve Janette and Jermaine English's claims to the extent they are meritorious. For these reasons, the Court should order Janette and Jermaine English to pay Peterson the three hundred seventy-five dollars in expenses attributable to this Motion for Sanctions.

## III.   RECOMMENDATION

Based on the files, records, and proceedings herein, it is hereby recommended that Defendant's Motion for Sanctions and Costs be **granted in part and denied in part** [Docket No. 17] as follows:

   1.  Defendant's Motion for Sanctions and Costs should be **granted in part and denied in part** [Docket No. 17] as provided herein. The complaint in this matter should be **dismissed** without prejudice;

   2.  Janette English and Jermaine English should be allowed to re-serve and re-file their complaint only upon full payment of Peterson's costs as set forth below; and

   3.  Peterson's motion for costs should be granted. Defendant should be awarded costs in the amount of three hundred seventy-five dollars to be paid by Janette English and Jermaine English.

DATED:  February 21, 2006

                 s/Arthur J. Boylan
                 ARTHUR J. BOYLAN
                 United States Magistrate Judge


   Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute as order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 8, 2006.

   Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of a hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of the receipt of the Report.